UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:24-CV-15 |
| | ) | |
| UNITED STATES PROBATION OFFICE | ) | |
| OF THE EASTERN DISTRICT OF | ) | |
| TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed a pro se Complaint [Doc. 1] and an accompanying Motion [Doc. 4] to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court.

I. *IN FORMA PAUPERIS* APPLICATION

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S. Ct. 85 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to commence a civil action without paying the administrative costs applicable to the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, a plaintiff must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S. Ct. at 90. An affidavit to proceed *in*

*forma pauperis* is sufficient if it demonstrates that the requesting party cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S. Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and his economic status in deciding whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding; thus, the Application to Proceed Without Prepayment of Fees [Doc. 4] is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). At the same time, for the reasons set forth below, **the Clerk shall not issue process at this time.**

When a Plaintiff is proceeding *in forma pauperis,* applicable law directs the district court to dismiss the complaint if it is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Neitzke*, 490 U.S. 319. This screening process requires that the Court consider the facts alleged by a plaintiff in conjunction with applicable law. The Court will now undertake that screening process as to Plaintiff's Complaint.

## II. FACTUAL ALLEGATIONS

In the instant action, Plaintiff John Doe[1] alleges that the United States Probation Office ("USPO") for the Eastern District of Tennessee and multiple individual probation officers, including Chief Probation Officer Adrienne S. Simpson-Brown and Officers Lawson Burrow, Amber Wilson, and Heath Eanes, have violated his First and Fifth Amendment rights and have

---

[1] The Federal Rules of Civil Procedure require that federal lawsuits state the names of the parties. Fed. R. Civ. P. 10(a). In order to proceed under pseudonym, a party must seek leave of Court, which Plaintiff has not done in this case. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

caused him to be jailed, resulting in him not receiving proper treatment for certain medical conditions. [Doc. 1]. As the basis for his Complaint,[2] Plaintiff alleges that he must abide by three conditions of release as part of his term of supervised release imposed by the District Court in this Division of the Eastern District of Tennessee. First, Plaintiff challenges the requirement that he participate in a Sex Offender Treatment Program, a program which he contends he completed in January of 2021, but that he has been required to undergo a second time. [Doc. 1-1, p. 6-7]. Plaintiff does not describe who directed him to complete the program a second time or when he was told to do so, other than to say that he entered an "agreed order" on September 17, 2021, which included the condition that he enter a treatment program. *Id.*

Next, Plaintiff attacks a condition which requires him to undergo regular polygraph tests, asserting that requiring him to answer questions violates his Fifth Amendment privilege against self-incrimination. [Doc. 1-1, p. 7]. Plaintiff states that his "last revocation" proceeding in which Probation Officer Heath Eanes presented evidence from a polygraph test took place on June 7, 2021, but that he continues to be bound by the conditions that he challenges in the present lawsuit. *Id.* at 8; *see also* [Doc. 1, p. 4] (stating that the events giving rise to his claims continue to the present). Finally, Plaintiff asserts that a condition preventing him from using the internet violates his First Amendment right to Free Speech. He alleges that Probation Officers Lawson Burrow and Amber Wilson denied his request for internet access and that he sent a letter to Chief Probation Officer Adrienne Simpson-Brown, which was unanswered. [Doc. 1-1, p. 10]. Plaintiff does not provide dates of any of the alleged events, but he does indicate that he asked Officer Burrow for permission to use the internet on March 9, 2023. *Id.*

---

[2] Plaintiff explains in his Complaint that he is presenting the factual basis for it through attaching copies of documents [Doc. 1-1] he filed in his criminal case. *See* [Doc. 1, p. 5].

Plaintiff contends that all three conditions constitute an abuse of discretion by the District Court, because Plaintiff argues the Court impermissibly delegated judicial authority to a probation officer. *Id.* at 11. The Court does note that Plaintiff himself agreed to be bound by each of the conditions he now challenges when he executed an Agreed Order resolving a prior violation of his conditions of release in his criminal case. *See* [Doc. 53, p. 5-9], *United States v. Forrester*, No. 2:18-CR-00044-JRG-CRW. Plaintiff now requests monetary damages for lost wages due to his incarceration, an injunction against Defendants, and a hearing to adjudicate the conditions of release that apply to him in his federal criminal case.[3] [Doc. 1, p. 5].

### III. LEGAL ANALYSIS

#### a. *Leniency afforded to pro se litigants*

In undertaking the present review, the Court liberally construes Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325); *see also Hunter v. Dist. of Asia*, No. 21-1831, 2022 WL 19520640, *1 (6th Cir. Aug. 8, 2022), *cert. denied*, 143 S. Ct. 1760, 215 L. Ed. 2d 655 (2023). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter,

---

[3] In his Complaint, Plaintiff references the docket number for his criminal case, making it clear that he is the defendant named in *United States v. Forrester*, No. 2:18-CR-00044-JRG-CRW. Plaintiff has raised the same issues with the District Judge in his criminal case. To avoid duplicative litigation, the doctrine of claim-splitting permits courts to dismiss or stay proceedings which are "duplicative of another federal court suit". *Chabad of Prospect, Inc. v. Louisville Metro Bd. of Zoning Adjustment*, 623 F. Supp. 3d 791, 798 (W.D. Ky. 2022) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000)). "This doctrine arises from a court's 'inherent discretionary authority to manage its own docket.'" *Id.* (citing *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)). Though the parties in this matter are different in that the United States is not a party to this lawsuit and no member of the United States Probation Officer is a party to Plaintiff's criminal case, Plaintiff presents the same issues here that he raises in a motion in the criminal case. For this reason alone, the Court would likely recommend that all claims asserted in this action be dismissed without prejudice but given the law applicable to Plaintiff's claims, for the reasons stated herein, the Court finds it appropriate to recommend dismissal of Plaintiff's claims with prejudice.

accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18-CV-2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). This being the case, the Court will not "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . . .'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

### b. *Law governing claims alleging violation of civil rights*

Plaintiff is suing a division and employees of the federal government for violations of rights under the United States Constitution. Accordingly, the Court will analyze Plaintiff's allegations in conjunction with *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and its progeny. Through this line of decisions, the Supreme Court has "recognized an implied cause of action by individuals who sued federal officers for violations of their constitutional rights." *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 523 (6th Cir. 2020) (citing *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Bivens*, 403 U.S. 388). To successfully pursue a *Bivens* action, a plaintiff must demonstrate that he or she was deprived of a right under the Constitution and that the defendant violated the Constitution based on his or her own actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In other words, a government official will not be liable for the conduct of his or her subordinates. *Id.* at 676.

It is important to note that the Supreme Court has only recognized *Bivens* actions in limited contexts, such as violations of the Fourth and Eighth Amendments. *Callahan*, 965 F.3d at 523. The Supreme Court has specifically declined to extend *Bivens* to First Amendment claims against federal employees. *Id.* (citing *Reichle v. Howards*, 566 U.S. 658, 663 n.4, 132 S.Ct. 2088, 182 L.Ed.2d 985 (2012); *Bush v. Lucas*, 462 U.S. 367, 368, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983)). As such, the Court must recommend that Plaintiff's claim alleging that his condition of release which prohibits him from using the internet violates his First Amendment rights be dismissed.

### c. *Plaintiff's challenge to treatment program and polygraph testing*

Plaintiff further asserts that his constitutional rights have been violated through the conditions requiring him to undergo sex offender treatment and polygraph testing. Plaintiff does not provide a legal basis for his challenge to the treatment program, but the Court notes that probation officers may require defendants to undergo treatment until they are discharged from that requirement. *See United States v. Marcum*, No. 2:10-CR-89, 2020 WL 1041728, *7 (E.D. Tenn. Mar. 3, 2020), *aff'd*, No. 20-5280, 2021 WL 1038272 (6th Cir. Jan. 20, 2021).

As to Plaintiff's claim that requiring him to undergo polygraph testing as a condition of supervision violates his Fifth Amendment privilege against self-incrimination, courts have also found such claims to be without merit. *Marcum*, 2020 WL 1041728, at *8. Polygraph tests used by probation officers are meant to monitor defendants' compliance with conditions rather than to be used as evidence for prosecution, and because the results are not disclosed to law enforcement, they do not trigger self-incrimination concerns. *Id.* (citing *United States v. Von Behren*, 822 F.3d 1139, 1143-51 (10th Cir. 2016); *United States v. Wilson*, No. 98-5373, 1998 WL 939987, at *3 (6th Cir. Dec. 22, 1998)).

### d. Immunity of Defendants

The Court further notes that the defendants in this case are likely immune from suit. First, Plaintiff has named the USPO as a defendant; however, the office is protected by sovereign immunity. *See Jabbar v. United States Prob. Off. for S. Dist. of Ohio*, No. 2:20-CV-06105, 2021 WL 1785704 (S.D. Ohio May 5, 2021) (collecting cases). Plaintiff next names Chief Officer Simpson-Brown as a defendant. As explained above, government officials cannot be held liable for the conduct of their subordinates, and thus, the Court must recommend dismissal of Plaintiff's claim against Chief Officer Simpson-Brown. While Plaintiff alleges that Chief Officer Simpson-Brown did not respond to a letter he sent her, the Court does not find that this conduct violates Plaintiff's constitutional rights.

Finally, Plaintiff names three individual probation officers as defendants in this matter and includes "other unnamed officers" as defendants. The Sixth Circuit has held that probation officers enjoy quasi-judicial immunity for actions taken when performing a judicial function. *Huffer v. Bogen*, 503 F. App'x 455, 461 (6th Cir. 2012); *Balas v. Leishman-Donaldson*, 976 F.2d 733, *5 (1992). Judicial functions include ensuring that defendants comply with their terms of probation and performing functions at the direction of judges. *Faber v. Smith*, No. 17-2523, 2018 WL 6918704, *2 (6th Cir. June 6, 2018); *Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476 (6th Cir. 2007) (quoting *Balas*, 1992 WL 217735, at *5). In this case, Plaintiff contends that Officers Burrow, Wilson, and Eanes violated his constitutional rights by requiring him to comply with certain conditions of release imposed by the Court. As noted above, these are all conditions to which Plaintiff agreed. Though Plaintiff challenges the validity of those conditions, he does not assert any facts demonstrating that Officer Burrow, Officer Wilson, or Officer Eanes acted outside of their capacity as probation officers in ensuring that Plaintiff complied with his conditions of

release. For this reason, the Court recommends dismissal of Plaintiff's claims against Officers Burrow, Wilson, and Eanes. The Court further notes that Plaintiff did not include any facts related to the "other unnamed officers" and recommends dismissal of any claims against them as well.

IV. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Complaint [Doc. 1] be **DISMISSED with prejudice**.[4]

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.

Respectfully submitted,

/s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[4] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).