UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:24-CV-00015-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES PROBATION OFFICE OF THE EASTERN DISTRICT OF TENNESSEE, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court to consider the Report and Recommendation ("R&R") of the United States Magistrate Judge [Doc. 5]. In the R&R, the magistrate judge recommends that Plaintiff's Complaint [Doc. 1] be dismissed with prejudice [Doc. 5, pg. 8]. The parties did not file objections to the R&R.[1] *See* Fed.R.Civ.P. 72(b). Because, given the current procedural posture of the case, the Court lacks jurisdiction to hear the matter, the Court does not adopt the magistrate judge's R&R.

Plaintiff under his alias of "John Doe" has sued the United States Probation office for the Eastern District of Tennessee, several of its deputies and "other unnamed officers" who have been assigned the responsibility to supervise Plaintiff after he was convicted and sentenced for possessing child pornography. Fed. R.Civ.P. 10(a) requires complaints to state the parties' names. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) ("As a general matter, a complaint must state

---

[1] Failure to file objections within the 14-day period pursuant to Rule 72(b) results in waiver of the right to appeal the Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985).

1

the names of all parties."). In addressing whether an exception to the general rule is justified, the court considers, among others, the following factors:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005)(quoting *Porter*, 370 F.3d at 560). The Sixth Circuit requires plaintiffs who wish to proceed anonymously to seek permission to do so. "Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because … the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Marsh*, 123 F. App'x at 636–37 (citations and quotations omitted). A plaintiff who desires to proceed anonymously must file a protective order that allows him to proceed under a pseudonym. *Id.* Plaintiff has not done so, and his failure is fatal to his claim.

Rather than dismiss this case at this point, the Court will permit Plaintiff **21 days** to file an Amended Complaint in which he shall identify himself or file a motion for a protective order to proceed under a pseudonym. *See, e.g.*, *Doe v. Carson*, No. 1:18-CV-1231, 2019 WL 1981886, at *2 (W.D. Mich. Jan. 4, 2019), *report and recommendation adopted*, No. 1:18-CV-1231, 2019 WL 1978428 (W.D. Mich. May 3, 2019), *aff'd*, No. 19-1566, 2020 WL 2611189 (6th Cir. May 6, 2020). If Plaintiff fails to file either of these within this time frame, the Court will **DISMISS** the Complaint for want of jurisdiction.

**SO ORDERED**:

s/ Clifton L. Corker<br>
United States District Judge