UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:24-CV-00015-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES PROBATION OFFICE | ) | |
| OF THE EASTERN DISTRICT OF | ) | |
| TENNESSEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court are Plaintiff's Motions to Proceed Anonymously [Docs. 7, 13]. On January 23, 2024, Plaintiff filed a Complaint against the United States Probation Office and various officers, seeking an injunction against their enforcing the terms of supervised release the District Court imposed in Plaintiff's criminal case [Doc. 1, pg. 5; *see* Doc. 1-1, pgs. 4–11].[1] On March 19, 2024, the Court entered an order requiring Plaintiff to either identify himself or file a motion to proceed under a pseudonym [Doc. 6]. He opted to file a motion stating—without any explanation—that he "fear[s] . . . retribution, and safety of family" [Doc. 7, pg. 2; Doc. 13, pg. 2].

To proceed under a pseudonym, a plaintiff must show his "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because . . . the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636–37 (6th Cir. 2005) (citations and quotations omitted). As the Court previously noted, a

---

[1] Plaintiff has since filed an anonymous Amended Complaint seeking similar relief [Doc. 12, pg. 5].

court may grant permission to proceed under a pseudonym if the following factors favor the plaintiff:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.*

None of these factors favor granting Plaintiff's motion. It appears Plaintiff's name is already public as he is under criminal justice sentence in federal court. Thus, his federal conviction and terms of supervision are publicly accessible. He then claims fear of "retribution" from his probation officers if they know his identity, but any change in his terms of supervision must be disclosed to the supervising probation officer and approved by the District Judge. That cannot be achieved with an anonymous Plaintiff. Indeed, probation officers do not operate in a vacuum. They report directly to the District Judge regarding compliance issues and whether any noncompliance warrants a petition to revoke a defendant's supervised release. They have to have the District Judge's approval to even file a petition. In any event, the Probation Office is required to faithfully enforce the terms of supervised release that have been established by the presiding District Judge. They are not free to add terms that the District Judge did not impose. Prosecuting this case will not compel Plaintiff to disclose any information that is of the "utmost intimacy." His federal conviction is already public knowledge. Neither factor three nor four apply on its face. Accordingly, because none of the factors support permitting Plaintiff to proceed under a pseudonym, Plaintiff's motions to proceed anonymously [Docs. 7, 13] are **DENIED**. Plaintiff shall amend his Complaint to identify himself on or before **July 10, 2024**. If he fails to do so, the Court will dismiss the case for lack of jurisdiction.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge