UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL FORRESTER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:24-CV-00015-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES PROBATION OFFICE | ) | |
| OF THE EASTERN DISTRICT OF | ) | |
| TENNESSEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Because Plaintiff is proceeding *in forma pauperis*, the district court is required to screen the Amended Complaint and dismiss it if it is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The magistrate judge previously approved Forrester's application to proceed *in forma pauperis* [Doc. 5, pg. 2]. At that time, the magistrate judge also recommended that the Complaint be dismissed. The undersigned declined to follow that recommendation because Forrester was proceeding anonymously as "John Doe" and had not requested permission to proceed under a pseudonym. The Court gave Forrester time to move to proceed anonymously [Doc. 6]. On June 11, 2024, Forrester filed such a motion [Doc. 13]. The Court denied the motion as Forrester did not satisfy the criteria to proceed under a pseudonym, but gave Forrester until July 10, 2024, to amend his complaint identifying himself or the Court would dismiss for lack of jurisdiction [Doc. 14]. On July 9, 2024, Forrester filed an Amended Complaint identifying himself as "Michael K. Forrester" [Doc. 15]. This time his Amended Complaint failed to state any facts supporting his cause of action. Instead, he referenced an attachment which he represented contained the factual allegations but failed to file the attachment with his Amended

1

Complaint. This left the Court with "see attached" as the sum total of Forrester's complaint. Rather than dismiss the compliant, the Court again gave Forrester additional time to file another Amended Complaint [Doc. 16]. Forrester has now filed an Amended Complaint with the attachment [Doc. 17].

In the latest Amended Complaint, [*Id.*], Forrester asserts violations of his First and Fifth Amendment rights and violations of 18 U.S.C. § 3583, which requires the imposition of a term of supervised release after imprisonment. Forrester contends that the first "event" giving rise to his claims occurred on October 27, 2017, when he was released from BOP, and continues to the present. [*Id.* at 4]. He asserts that various probation officers violated his First Amendment rights by limiting his internet access, and that the same officers infringed upon his Fifth Amendment rights by requiring him to undergo polygraph testing. Forrester asks the Court to modify the terms of his supervised release to remove any condition that involves him seeking "permission of Probation" for approval and to absolve him of the requirement that he attend sex offender treatment programs. [*Id.* at 5]. Forrester included a twenty-page attachment that essentially argues the impropriety of certain supervised release conditions [Doc. 17-1].

The Court will limit its focus on Forrester's Amended Complaint filed on August 14, 2024 [Doc. 17]. The Amended Complaint supersedes all previous complaints and becomes the operative pleading. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000); *see also Glass v. Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein . . . ."). In his Amended Complaint, Forrester challenges the constitutionality of certain conditions of supervised release that the district court imposed in his criminal case. But Forrester cannot challenge those conditions by way of a civil lawsuit against

2

the probation officers.  "Under [18 U.S.C.] § 3583(e)(2), a district court may modify or rescind a condition of supervised release after considering certain enumerated factors." *United States v. Faber*, 950 F.3d 356, 358 (6th Cir. 2020).  Such factors include "the circumstances of the crime, the characteristics of the defendant, deterrence, protecting the public, providing the defendant with training and education, and others.  Not included: illegality of the condition." *Id.* (internal citations omitted).  And Forrester's challenge is to the legality of the conditions, a challenge expressly prohibited in *Faber*.  In *Faber*, the Sixth Circuit noted that the proper mechanism for challenging the *legality* of such conditions is to timely file a motion under Fed. R. Crim. P. 35(a) or 28 U.S.C. § 2255. *Id.*  Here, Forrester has not done either.

Quasi-judicial immunity for probation officers is another obvious obstacle to Forrester's lawsuit.  Forrester is suing his probation officers because they are following the directives of the district court.  Probation officers are entitled to absolute quasi-judicial immunity from suit on claims that arise out of their activities to ensure that the plaintiff complies with the terms of court supervision. *See Loggins v. Franklin Cnty.*, 218 F. App'x 466, 476 (6th Cir. 2007) ("To the extent probation officers were [determining whether a defendant is complying with the terms of probation] they are entitled to quasi-judicial immunity.").  Each of Forrester's challenges concerns the probation officers' enforcement of the terms of supervised release imposed by the district court.  Thus, each officer sued is entitled to quasi-judicial immunity and his case must be dismissed.

In any event, the very conditions Forrester complains about – which he agreed to – have all been upheld by the Sixth Circuit. *See, e.g., United States v. Childress*, 874 F.3d 523, 528 (6th Cir. 2017) (upholding the imposition of sex-offender treatment as a condition of supervised release); *United States v. Brogdon*, 503 F.3d 555, 565 (6th Cir. 2007) (upholding the imposition of sex-offense related conditions); *United States v. Wilson*, No. 98-5373, 1998 WL 939987, at *3

(6th Cir. Dec. 22, 1998) (describing use of polygraphs as "tools to help the probation officer monitor defendant's rehabilitation and compliance with release conditions"); *United States v. Dodson*, No. 22-3998, 2024 WL 712494, at *12, fn. 9 (6th Cir. Feb. 21, 2024) (holding that appropriately tailored internet restrictions may be imposed as a condition of supervised release if justified under the facts). So contrary to his arguments, the conditions of supervised release that Forrester challenges have not been found to be constitutionally infirm.

As a side note, Forrester has already raised these same challenges in his criminal case in a motion to modify the special conditions of supervised release. *See United States v. Forrester*, No. 2:18-CR-44 (E.D. Tenn. Feb. 28, 2024). In that case, the Court noted that Forrester had been sentenced in the United States District Court for the District of Colorado to 60 months' imprisonment, followed by lifetime term of supervised release for possessing child pornography. *Id.* at 1. The district court in Colorado transferred jurisdiction over Forrester's supervised release to this Court in March 2018. *Id.* at 1. In declining to modify Forrester's conditions of release, the Court noted that Forrester had not performed well under supervision. *Id.* at 5. Forrester had three petitions filed to revoke his term of supervised release for non-compliance issues. *Id.* at 1–2. The first was in April 2018 when he failed to abide by the restrictions on internet use. *Id.* at 1. He agreed to serve six days in jail and six months on home confinement for this violation. *Id.* at 1. The second occurred in June 2019 when he was discharged from sex offender treatment due to his poor attitude and failure of a polygraph test indicating he had been untruthful about his history of sexual contact with minors. *Id.* at 1. This petition was ultimately dismissed when Forrester completed a different sex offender treatment program. *Id.* at 1. The third was in June 2021 when a polygraph test indicated he was not being truthful and that in November 2019 he had used

4

Snapchat to download child pornography. *Id.* at 2. For this revocation, Forrester *agreed* to serve 18 months' imprisonment followed by 15 years of supervised release. *Id.* at 2.

In his criminal case, the Court noted that Forrester wanted to remove any requirement that he: (1) participate in any further sex offender treatment; (2) undergo polygraph testing; and (3) subject his internet access to the oversight of a probation officer. *Id.* at 3. There, as here, Forrester claimed that these conditions violated his First and Fifth Amendment rights. The Court noted that § 3583 does not permit postconviction constitutional challenges to a defendant's sentence. *Id.* at 4. Thus, the Court denied Forrester's constitutional challenge. *Id.* at 6. The Court then evaluated Forrester's request for a modification under § 3553(a) and found that removing the challenged conditions of supervision was not warranted given Forrester's history of noncompliance and the seriousness of his underlying conviction. *Id.* at 5. The Court therefore denied Forrester's motion in his criminal case. *Id.* at 6. Forrester appealed that decision to the Sixth Circuit, where it currently awaits review. If Forrester is entitled to any relief from his conditions of supervision, that relief is now for the Sixth Circuit to provide. It cannot be obtained by filing a separate civil suit against probation officers who merely follow the district court's directives.

Accordingly, pursuant to the Court's authority to screen complaints under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii), this Court finds Forrester has failed to state a claim upon which relief can be granted. As a result, his Amended Complaint [Doc. 17] is **DISMISSED**.

A separate judgment shall enter.

**SO ORDERED:**

s/ Clifton L. Corker<br>
United States District Judge